CASE NOS. 24-5669, 24-5743

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

JOHN DOE,

*Plaintiff-Appellee / Cross-Appellant,*

v.

JOHN BURLEW,

*Defendant-Appellant / Cross-Appellee.*

---

On Appeal from the United States District Court
for the Western District of Kentucky
No. 4:24-CV-00045-GNS

---

**REPLY BRIEF FOR CROSS-APPELLANT JOHN DOE**

Guy Hamilton-Smith
Law Office of Guy Hamilton-Smith, PLLC
1707 L Street NW, Suite 1030
Washington, D.C., 20036
202.681.5157
guy@guyhamiltonsmith.com
*Counsel for Plaintiff-Appellee / Cross-Appellant John Doe*

## TABLE OF CONTENTS

**Table of Authorities**......................................................................................... ii

**Argument** ............................................................................................................ 1

    I.   **A Statewide Injunction is Both Permissible and Necessary to Safeguard Mr. Doe's First Amendment Rights**........................................... 1

**Certificate of Compliance** ................................................................................. 3

**Certificate of Service** ........................................................................................ 3

i

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) ........................................................ 1, 2

*Commonwealth v. Biden*, 57 F.4th 545 (6th Cir. 2023) .............................................. 1

*L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023) ............................................................ 1

**ARGUMENT**

**I.     A Statewide Injunction is Both Permissible and Necessary to Safeguard Mr. Doe's First Amendment Rights**

Mr. Burlew is wrong in his assertion that this Court's precedents foreclose an expansion of the injunction here. T. Br. at 29.  To be sure, this Court's opinion in *L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023) evinces skepticism about injunctions that extend beyond the parties generally, but skepticism is not another word for prohibition. Instead, *Skrmetti* offers guidance to lower courts about when injunctions that extend beyond the parties might be appropriate. *Id.* at 490; Sec. Br. at 54-55. Were it truly the case that such an injunction is simply beyond the power of the federal courts, this Court in either *Skrmetti* or *Commonwealth v. Biden*, 57 F.4th 545 (6th Cir. 2023) would have simply said so, as opposed to sketching the contours of when that relief might be appropriate. The opening that *Skrmetti* illuminates is one that Mr. Doe fits neatly through, and Mr. Burlew does not seriously argue otherwise.

Lastly, Mr. Doe's additional argument as to the insufficiency of the limited injunction is not based on a claim that Mr. Doe has not brought, as Mr. Burlew asserts. T. Br. at 32. Rather, Mr. Doe's argument here is grounded squarely in the First Amendment overbreadth doctrine. Overbreadth necessarily implicates the constitutional rights of parties who are not before the Court. In *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973), the Supreme Court articulated a relaxation of traditional rules of standing in the context of overbreadth claims given the central

1

importance of First Amendment freedoms in our country. In doing so, the Court observed that "[l]itigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected expression." *Id.*

Thus, inherent to the claim that Mr. Doe *did* bring involves a "judicial prediction or assumption" that the challenged law results in others not a party to the action "refrain[ing] from constitutionally protected expression." *Id.* When coupled with the fact that the First Amendment safeguards the right to listen as well as the right to speak, the operation of the *Broadrick* judicial assumption necessarily means that a limited injunction is insufficient to fully safeguard Mr. Doe's rights. This is so notwithstanding the fact that he did not bring an independent right to listen claim. He doesn't need to, as the assumptions that are baked into overbreadth implicate the ability of others to speak and—necessarily—the ability of those voices to be heard by everyone, including Mr. Doe.

Respectfully submitted,

/s/ Guy Hamilton-Smith
Law Office of Guy Hamilton-Smith, PLLC
1707 L Street NW, Suite 1030
Washington, D.C. 20036
202.681.5157
guy@guyhamiltonsmith.com

2

*Counsel for John Doe*

### CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. Proc. 32 (g)(1) and 28.1(e)(2)(C), excluding those portions designated in 6 Cir. R. 32(b)(1), counsel certifies that the foregoing Reply Brief of Cross-Appellant John Doe contains 447 words, per the word count feature of the software that was used to prepare the brief. Counsel further certify that this brief was prepared using 14-point Times New Roman font, in compliance with Fed. R. App. Proc. 32(a)(5) and 32(a)(6)

/s/ Guy Hamilton-Smith

### CERTIFICATE OF SERVICE

Counsel certifies that the foregoing Principal and Response Brief of Plaintiff-Appellee & Cross-Appellant John Doe was filed via the Court's CM/ECF system on this the 7th day of January, 2025 which will cause the same to be served on all parties in this action.

/s/ Guy Hamilton-Smith