**COMMONWEALTH OF KENTUCKY**
**OFFICE OF THE ATTORNEY GENERAL**

RUSSELL COLEMAN
ATTORNEY GENERAL

CAPITOL BUILDING, SUITE 118
700 CAPITAL AVENUE
FRANKFORT, KY 40601
(502) 696-5300
FAX: (502) 564-2894

July 1, 2025

VIA CM/ECF

Kelly L. Stephens
Clerk of the Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart United States Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re:   **Response to Rule 28(j) Letter**
      *Doe v. Burlew*, Nos. 24-5669, 24-5743

Dear Ms. Stephens:

  Doe's cross-appeal asks this Court to expand the district court's injunction so that it is universal in scope. In other words, Doe asks not just that the defendant, County Attorney John Burlew, be enjoined from enforcing SB 249 against him, but that *all 120 County Attorneys* in Kentucky be enjoined from enforcing SB 249 against *anyone* in the Commonwealth. As explained in Burlew's Third Brief, this expansive request conflicts with circuit precedent, principally *L.W. by & through Williams v. Skrmetti,* 73 F.4th 408 (6th Cir. 2023). The Supreme Court's recent decision in *Trump v. CASA*, 606 U.S. --- (2025), confirms that Doe's request for a universal injunction should fail.

  In *CASA*, the Court held, in no uncertain terms, that "the universal injunction . . . falls outside the bounds of a federal court's equitable authority under the Judiciary Act." *CASA, Inc.*, Slip Op. 11. It recognized that "under longstanding equity practice," "'an injunction' could not bind one who was not a 'party to the cause.'" *Id.* at 7 (quoting F. Calvert, *Suits in Equity* 120 (2d ed. 1847)); *see also id.* ("[Y]ou cannot have an injunction except against a party to the suit" (quoting *Iveson v. Harris*, 32 Eng. Rep. 102, 104 (1802)). Instead, any injunction issued by a federal court must not be "broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at 26; *see also id.* at 2 n.1 (discussing "traditional, parties-only injunction[s]").

In light of *CASA*, and for the reasons explained in Burlew's Third Brief (at 29–33), if the Court does not vacate the district court's injunction, it should not expand its scope, as the injunction provides Doe complete relief from his alleged First Amendment injury. Burlew does not believe that supplemental briefing is necessary on this point.

Sincerely,

*/s/John H. Heyburn*
John H. Heyburn
*Counsel for John Burlew*

cc: All Counsel of Record (via CM/ECF)